UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ABERNATHY,

    Plaintiff,

vs                                                 Case No: 12-12430
                                                        Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER DENYING PETITIONER'S
## HABEAS CORPUS PETITION

I.     **INTRODUCTION**

This matter is before the Court on Gary Abernathy's ("Petitioner") pro se petition for a writ of habeas corpus to vacate his sentence under 28 U.S.C. § 2255. Petitioner is a federal inmate incarcerated at Beaumont Medium Federal Correctional Institution in Beaumont, Texas.

Petitioner claims he was denied effective assistance of counsel during his appeal. He alleges his appellate counsel failed to challenge the trial court's denial of his motion to dismiss his Complaint and Indictment under the Speedy Trial Act. See 18 U.S.C. § 3161(b); 18 U.S.C. § 3161(c)(1).

The matter is fully briefed. The legal arguments and factual allegations are sufficiently set forth in motion papers; oral argument is unnecessary. The Court decides Petitioner's habeas petition on the briefs. See L.R. 7.1(f)(2).

1

The Court **DENIES** Petitioner's habeas petition.

II. **BACKGROUND**

On September 11, 2007, Petitioner and Omar Mackie ("Mackie") robbed a Comerica Bank located at 4200 17 Mile Road in Sterling Heights, Michigan. Both demanded money from tellers inside the bank. The manager, realizing a robbery was underway, called the police and activated the silent alarm. When a customer attempted to enter the bank, Petitioner and Mackie fled. Officer Golden of the Sterling Heights Police Department responded to the robbery. He saw the men fleeing and red dye-packs explode on Petitioner. The police apprehended Petitioner and Mackie. Petitioner was covered in red-dye and a large roll of currency was in his pocket.

After Petitioner was arrested, he waived his Miranda rights and gave the officers a statement. He admitted that he robbed the Bank and was aware that Mackie had a handgun during the robbery. The next day, Petitioner was charged and detained.

On November 26, 2007, Petitioner moved to dismiss the Complaint due to an alleged violation of the Speedy Trial Act. On February 27, 2008, a grand jury returned a one-count Indictment charging the Petitioner with bank robbery and aiding and abetting in violation of 18 U.S.C. §§2113(a)(d) and (2). The Court entered a trial notice and standing order on April 4, 2008. The District Court denied Petitioner's motion to dismiss. It considered November 26, 2007, until the indictment was filed on February 27, 2008, a period of excusable delay. On August 21, 2008, a grand jury returned a Superceding Indictment which added a charge of possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924 . Petitioner was arraigned

four days later.

On September 9, 2008, the District Court issued an amended trial notice and standing order, setting a jury trial to begin on January 13, 2009.

On October 15, 2008, Defendant filed a motion to dismiss the First Superseding Indictment alleging a 70-day trial violation. The District Court denied the motion.

Before trial, Petitioner filed a motion to disqualify the judge, a motion to dismiss for prosecutorial misconduct, and a motion to dismiss for vindictive prosecution. He alleged that the District Court, prosecutor, and various defense attorneys conspired against him to violate his constitutional rights. The Government filed a motion for a competency hearing. The Court granted the motion and ordered Petitioner to undergo psychiatric or psychological examination. On March 30, 2009, the district court declared Petitioner incompetent to stand trial and committed him to the Attorney General's custody for treatment.

Petitioner's jury trial began on March 15, 2010, and concluded the next day. By then, the Court had appointed six lawyers to represent Petitioner. Petitioner represented himself at trial, although stand-by counsel was available. The jury returned guilty verdicts on both counts. On August 25, 2010, the District Court sentenced Petitioner to 51 months on count one and 84 months consecutive on count two. On September 13, 2010, Petitioner filed a timely notice of appeal. On June 15, 2011, the Sixth Circuit affirmed his conviction and sentence.

On November 29, 2010, Melvin Houston ("Appellate Counsel"), wrote a letter to Petitioner, advising him that he would raise two issues on appeal: (1) whether the District Court should have instructed the jury to disregard Petitioner's choice to wear his

jail uniform during trial and (2) whether the District Court should have held a hearing to determine if there was prejudice to Petitioner's right to fair trial because of a prior relationship between a juror and a government witness.  Appellate Counsel did not receive any request from Petitioner to raise speedy trial issues and had no interaction with him.  Petitioner refused to communicate with Appellate Counsel; therefore, counsel raised the issues he believed were meritorious.

In Petitioner's habeas petition pursuant to 28 U.S.C. § 2255, he asserts ineffective assistance of counsel for his appellate counsel's alleged failure to raise a violation of the 30-Day period to return an indictment and the 70-Day period to begin trial.  The Government opposes Petitioner's habeas petition contending he failed to demonstrate cause, prejudice, or innocence.

III.  **ANALYSIS**

A.  **Standard of Review**

A federal prisoner challenging his sentence under 28 U.S.C. § 2255 must show that the sentence violates the Constitution or laws of the United States, the court does not have jurisdiction, the sentence was more than the authorized maximum, or that the sentence is subject to collateral attack. 28 U.S.C. § 2255.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006).  Petitioner alleges an error of constitutional magnitude; he claims his Sixth Amendment right to the effective

4

assistance of counsel was violated.

B. **Ineffective Assistance of Counsel Claims**

1. **Standard of Review**

There is a right to effective assistance of appellate counsel on direct appeal. See Evitts v. Lucey, 469 U.S. 387, 396 (1985); Carpenter v. Mohr, 163 F.3d 938, 946 (6th Cir. 1998). To show ineffective assistance of counsel, the defendant must first show that counsel's performance was so deficient that the attorney was not functioning according to Sixth Amendment standards. Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, the defendant must show that counsel's performance prejudiced the defense. Id at 687.

If the defendant does not demonstrate deficient performance and prejudice, "it cannot be said that the conviction or [sentence] resulted from a breakdown in the adversary process that [makes] the result unreliable." Strickland, 466 U.S. at 687. The defendant must prove his allegation that counsel was constitutionally ineffective by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

2. **Appellate Counsel's performance was not deficient.**

Petitioner claims Appellate Counsel's performance was deficient because he failed to argue that the Government violated the Speedy Trial Act's 30-day provision to obtain an indictment and 70- day provision to begin trial.

Performance is deficient if it falls below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To show deficiency, the defendant must overcome the

presumption that counsel's action was sound trial strategy. Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." Id. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id at 690. The Supreme Court "declined to articulate specific guidelines for appropriate attorney conduct" and "instead emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003).

Appellate Counsel sent a letter to Petitioner to advise him of his appellate strategy. He explained to Petitioner that although the two selected issues were not the only ones available, they were, in his opinion, the most meritorious and the only ones he would raise. Appellate Counsel told Petitioner to contact him if he had any questions. Petitioner never did. In fact, Petitioner declares that he "refused to respond to any letters by [A]ttorney Houston."

Petitioner has no constitutional right to demand that Appellate Counsel raise every possible colorable issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate Counsel's letter reflects his strategy of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986). In the letter, Appellate Counsel informed Petitioner that he read the transcripts of the trial and hearing and also reviewed documents and records of the case. He could tell from the review that the motions to dismiss the Complaint and Indictment had been fully briefed by the parties and denied. He reached the conclusion that the Speedy Trial Act issues were not clearly stronger than those presented to overcome the presumption of effective assistance of appellate counsel. Monzo v.

Edwards, 281 F.3d 568, 579 (6th Cir. 2002) ("Generally, only when ignored issues are clearly stronger than those presented will the presumption of ineffective assistance of appellate counsel be overcome").

Petitioner claims that Appellate Counsel knew or should have known that the speedy trial issues were decided incorrectly by the District Court. He declares "[Appellate Counsel] is a trained professional and shouldn't have to be told what to do and when to do it." However, Appellate Counsel's actions were reasonable. Petitioner fails to prove deficiency.

3. **Appellate Counsel's performance did not prejudice the defense.**

Petitioner claims that if Appellate Counsel would have raised the speedy trial claims, he would not have been convicted or sentenced and would have been released from custody.

Prejudice is shown if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Strickland, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686. But, "no prejudice flows from the failure to raise a meritless claim." Mahdi v. Bagley, 522 F.3d 631, 638 (6th Cir. 2008).

Appellate Counsel's decision to not raise the Speedy Trial issues is supported by the law and he is not ineffective for failing to raise an issue that lacks merit. See Mahdi

7

v. Bagley, 522 F.3d 631, 638 (6th Cir. 2008).  Petitioner's pre-indictment motion and plea negotiations were excusable delay for the 30-day period to return a speedy indictment. 18 U.S.C. § 3161(h)(7); United States v. Bowers, 834 F.2d 607, 609-610 (6th Cir. 1987); 18 U.S.C. § 3161(h)(1)(A).   Pretrial motions, competency evaluations, and interlocutory appeals constituted excusable delay for the 70-day period to begin trial from Petitioner's initial appearance. 18 U.S.C. § 3161(h)(1)(C); 18 U.S.C. § 3161(h)(1)(D); 18 U.S.C. § 3161(h)(1)(F); 18 U.S.C. § 3161(h)(1)(A); 18 U.S.C. § 3161(h)(4).

Petitioner claims the pretrial motions did not cause a delay or an expectation of delay of trial in order to create excusable time.  However, the Supreme Court declared that the Speedy Trial clock stops running automatically when a pretrial motion is filed "irrespective of whether the motion has any impact on when trial begins." United States v. Tinklenberg, 131 S. Ct. 2007, 2012 (2011). Appellate Counsel's decision not to raise them did not cause prejudice because he had good cause not to raise meritless claims on appeal. Both prongs for a claim of ineffective assistance of counsel fail.  Petitioner did not meet his burden.

IV. **CONCLUSION**

The Court **DENIES** Petitioner's habeas petition.

**IT IS ORDERED.**

                                              /s/ Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated: December 13, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on December 13, 2012.

S/Linda Vertriest  
Deputy Clerk

---